THOMAS KERFOOT & CO., Limited, v.
LOUIS K. LIGGETT CO.

No. 2791.

Circuit Court of Appeals, First Circuit.

Oct. 4, 1933.

Harry D. Nims, of New York City (Arthur P. Hardy, of Boston, Mass., and Hugo Mock, Asher Blum, Walter L. Post, and Mock & Blum, all of New York City, on the brief), for appellant.

James F. Hoge, of New York City (Thomas Hunt [of Gaston, Snow, Saltonstall & Hunt], of Boston, Mass., and Edward S. Rogers, of New York City, on the brief), for appellee.

Before BINGHAM, WILSON, and MORTON, Circuit Judges.

MORTON, Circuit Judge.

This is a suit to restrain infringement of plaintiff's trade-mark "Vapex," and unfair competition by the defendant with the plaintiff in the sale of a remedy, similar to the plaintiff's, under the name "Vapure." In the District Court, after full hearing, at which much evidence, both oral and documentary, was presented, the bill was dismissed. The plaintiff has appealed. The District Judge went into the case very thoroughly. His opinion is long and careful, covering some 25 pages in the record. More than 125 witnesses testified, many of them in his presence. Under such circumstances it is well settled that his conclusions of fact carry great weight and will not be disturbed unless shown to be clearly wrong.

"Vapex" is a coined word invented by the plaintiff, or its predecessors in business, about 1915, and applied to a new medicinal preparation devised by them and used as an inhalant in combating colds. The word was registered in England as a trade-mark on such goods in 1915, and in this country by the plaintiff in March, 1924, on an application filed in October, 1923. The preparation to which "Vapex" is applied by the plaintiff is a secret composition. It is used by putting a few drops on a handkerchief and sniffing it, or on the pillow at night, so that the odor or emanations may be breathed.

As to the plaintiff's business in "Vapex" in the United States, the bill alleges that at the time of the alleged infringement and unfair competition, the plaintiff had an extensive business here, "the sales in the United States being conducted by an agent," and that the plaintiff "exclusively marketed the said preparation in the United States of America through an agent, by reason of which the plaintiff built up a very large and valuable good will in the United States of America which was a source of great profit." (Bill, clause 7.) The evidence on this point is neither full nor satisfactory. We gather that the plaintiff sells "Vapex" in bulk to Donald's, Limited, and that Donald's, Limited, has an arrangement with Fougera for packaging it and distributing it to the retail trade.

The defendant operates a chain of about 500 retail drug stores. It is affiliated with the United Drug Company, from which it procures much of the merchandise which it sells. At the time when this suit was begun, the defendant's stores were carrying "Vapex," and

also a somewhat similar preparation called "Vapure." "Vapure" is also a coined word; it is registered as a trade-mark by the United Drug Company, and is applied by the Drug Company to an inhalant remedy for colds of its own manufacture. The defendant did not originate nor manufacture this remedy, and had nothing to do with naming it. As a retail druggist, it bought both remedies and sold them in its stores. The plaintiff constantly falls into the error of speaking of the defendant as if it were the originator and manufacturer of "Vapure." Of course, if the goods which the defendant sells infringe the "Vapex" trade-mark, or are so named or marked that there is danger of confusing them with "Vapex," the defendant is not protected by the fact that it bought the goods from somebody else. Saxlehner v. Siegel-Cooper Company, 179 U. S. 42, 21 S. Ct. 16, 45 L. Ed. 77. Its sales methods are within its control and must be kept within legal bounds.

The question whether "Vapure" is an infringement on "Vapex," i. e., whether the two names are so similar in appearance and in sound that one is likely to be mistaken for the other by an ordinarily careful buyer, is to be determined, not merely by an inspection of the words, but by considering them in connection with other similar words in use in the same general field. This test is well established. U. S. Tobacco Co. v. McGreenery (C. C.) 144 F. 531; Id. (C. C. A.) 144 F. 1022; Coats v. Merrick Thread Co., 149 U. S. 562, 13 S. Ct. 966, 37 L. Ed. 847; Wrisley Co. v. Iowa Soap Co., 122 F. 796 (C. C. A. 8); E. Regensburg & Sons v. Portuondo Cigar Mfg. Co. (C. C.) 136 F. 866. It has been recognized by the plaintiff. In connection with proceedings by it to register "Vapex" with a green triangle as a trade-mark, and in answer to objections by the Vick Chemical Company which owned the prior trade-mark "Vapo Rub," the plaintiff argued in its brief: "Both 'Vapo Rub' and 'Vapex' are derived from the word 'Vapor', and it is evident that the syllable 'Vap' for preparations of this kind is common property. Long prior to the time that the opposer (Vick Chemical Company) adopted the word 'Vapo Rub' others had used the syllable 'Vap' in numerous marks so that the opposer is not entitled to such a broad interpretation of its right as will preclude the applicant from the use of the same syllable, provided the termination of its word is different."

This argument was sound and applies to the present case. The plaintiff's bill alleges that: "No other person * * * in the United States used a trademark or trade-name to designate a similar or competing preparation beginning with 'Vap,' save for occasional cases of infringement which might have occurred, etc." The indisputable fact, however, is that more than 20 trade-marks having a word beginning with "Vap," most or all of them applied to remedies, had been registered in the United States Patent Office before the plaintiff applied for registration of "Vapex," e. g. "Vap," "Vaps," "Vapo," "Vaporia," "Vapoform," "Vaporine," "Vaporub." Some of these prior remedies became widely known and sold, e. g. "Vaporub," "Vapo-Cresolene," and others. The statement in the plaintiff's bill above referred to is, to say the very least of it, not proved to be true. With so many trade-marks having the same basic syllable already in use at the time of the plaintiff's registration in this country, it must be supposed that the public discriminated between them by the ending or combination in which "Vap" was used.

This appears to have been the view of the District Judge. He says:

"The plaintiff contends that the verbal similarity between Vapex and Vapure is in itself unfair competition in addition to being trade-mark infringement. I think not. There is testimony in the record tending to show that the first syllable 'vap,' derived from the word 'vapor,' was well known to the public before Vapex or Vapure were brought before the public."

"In the use of the two words, the termination 'ex' and 'ure' are entirely dissimilar. I think the use of Vapure for Vapex as shown by the testimony should not in itself be regarded as unfair competition unless it is shown to be accompanied by deception, confusion of (sic) or the intention of 'palming off.' I think such intention is not shown by a preponderance of the evidence in the case."

On the question of actual confusion of purchasers, a great deal of oral evidence was introduced; many witnesses testified. It is discussed at length in the opinion of the District Judge. Upon a careful consideration of it we are by no means convinced that his findings were clearly wrong. The plaintiff's contention that the defendant is infringing its trade-mark and is guilty of unfair competition because of deceptive similarities between the names "Vapure" and "Vapex" cannot be sustained.

The next question is whether the defendant has been guilty of unfair competition with the plaintiff in its sales of "Vapure." As no contention is made that the packaging and

dress of "Vapure" is deceptively similar to that of "Vapex," this issue comes down to a question as to the defendant's selling methods. The plaintiff's complaints are: (1) That clerks in the defendant's stores sold "Vapure" on requests for "Vapex"; (2) that defendant passed off "Vapure" for "Vapex"; (3) that defendant persuaded purchasers to take "Vapure" in place of "Vapex" by false representations.

Operating many stores, the defendant employed a large number of salespeople. The test is whether it permitted or condoned unfair or deceptive selling methods by them to the injury of the plaintiff's business. Delaware & H. Canal Co. v. Clark, 13 Wall. 311, 322, 20 L. Ed. 581; Fed. Trade Com. v. Klesner, 280 U. S. 19, 50 S. Ct. 1, 74 L. Ed. 138, 68 A. L. R. 838; Ely Norris Safe Co. v. Mosler Safe Co. (C. C. A.) 62 F.(2d) 524. A large number of witnesses were called on this point also, and the evidence is discussed in the opinion of the District Judge. We shall not attempt to review it. Some of the witnesses for the plaintiff testified to statements and conduct by individual clerks of the defendant which went beyond what is permissible and amounted to unfair competition. On the other hand, much of this testimony was contradicted or impeached. How far it was to be believed was, within wide limits, for the District Judge to say. There was persuasive evidence that the defendant's officers strongly disapproved of anything savoring of unfairness in selling goods. Before any question of substitution of "Vapure" for "Vapex" had arisen, the defendant had issued explicit printed orders to its sales force never to attempt to substitute or palm off goods; that customers were to be given what they asked for. As the District Judge correctly observed, the defendant had a perfect right to push its "own goods," as United Drug products were called, against other goods, if it did so by fair persuasion. He followed closely the law as laid down in Saxlehner v. Wagner, 216 U. S. 375, 30 S. Ct. 298, 54 L. Ed. 525. See too Walter Baker & Co. v. Slack (C. C. A.) 130 F. 514; Coats v. Merrick Thread Company, 149 U. S. 562, 13 S. Ct. 966, 37 L. Ed. 847, and Hilker Mop Company v. United States Mop Company (C. C. A.) 191 F. 613. The District Judge found that the testimony fails to show that the defendant has been guilty of "palming off" or deceiving or confusing the public. The evidence of unfair competition, as defined in the foregoing cases, was really pretty weak. The District Judge's findings on this point were clearly right.

The principles of law involved are not seriously in dispute. The case turns on the facts. What has been said is sufficient to show that the decree appealed from must be affirmed.

Other essential points in the plaintiff's case were by no means free from doubt. But as what has been said is sufficient to dispose of the matter, it is unnecessary to go into them.

The decree of the District Court is affirmed, with costs.