**KRAFT WALKER CHEESE CO., Proprietary Limited, v. KINGSLAND, Commissioner of Patents.**

**Civil Action 4—47.**

District Court of the United States for the District of Columbia.

Nov. 18, 1947.

Soans, Pond & Anderson, Cyril A. Soans, and Edwin Phelps, all of Chicago, Ill., and Cushman, Darby & Cushman and C. Willard Hayes, all of Washington, D. C., for plaintiff.

W. W. Cochran, Sol. for Patent Office, of Washington, D. C., for defendant.

LETTS, Justice.

#### Findings of Fact.

1. Plaintiff, a company of the State of Victoria, Australia, on January 15, 1944, filed in the U. S. Patent Office its application Serial No. 467,061 for registration of the trade-mark "Vegemite" for "a yeast extract used primarily as a spread and also as a food flavoring in soups and gravies."

2. Said application was duly examined by the Examiner of Trade-Marks, who searched the prior registrations in Class 46, Foods and Ingredients of Foods. After such examination, the Examiner of Trade-Marks found plaintiff's application registerable and passed it for publication, and the mark was thereafter published in the United States Patent Office Official Gazette on October 17, 1944, Volume 567, page 396.

3. Thereafter, an Opposition was filed by Vegex Company, a firm domiciled in New York, and composed of Julius Schuelein and Minni Schuelein, said Opposition being predicated upon said firm's alleged ownership of U. S. Patent Office Registrations, Certificate No. 211,126, issued April 6, 1926, for the mark "Vegex" for "concentrated yeast food preparation of high

---

[7] See Restatement, Torts, Sec. 732, Comment: a.

vitamin content" and Certificate No. 396,-667, issued July 28, 1942, for the mark "Vegex", for "yeast-vegetable extract," both of those registrations being in Class 46, Foods and Ingredients of Foods.

4. Said Vegex Company, Opposer, failed to prove its alleged ownership of the aforesaid "Vegex" trade-mark registrations and offered no evidence in respect of any other matter alleged in the Notice of Opposition.

5. The Examiner of Interferences for Trade-Marks, on November 8, 1945, dismissed said Vegex Company's Opposition on the ground that the Opposer had failed to establish title to the marks of the registrations. However, said Examiner of Interferences held that, by reason of said prior registrations of "Vegex," this plaintiff was not entitled to the registration of its mark "Vegemite." ·

6. This plaintiff and the Opposer each appealed to the Commissioner of Patents from the decision of the Interference Examiner, but the Opposer subsequently withdrew its appeal. On this plaintiff's appeal, the Commissioner of Patents affirmed the Interference Examiner's decision denying the application for registration.

7. During the past fifty years, the United States Patent Office has granted some 42 registrations of marks for various vegetable derived food products, each of said marks including the formative "Vege," the first two syllables of the word vegetable. However, each of said marks has other elements giving it an identifying character.

8. Except for the Vegex Company's Opposition against plaintiff's application to register its mark "Vegemite," no other opposition has been filed against plaintiff's application for registration, and no other opposition in respect of any of the other 42 registrations referred to has been filed by any of the owners of said 42 registrations. There is no evidence that there has been any actual conflict or confusion between any of the 42 "Vege" registrations mentioned.

9. There is no evidence to indicate that plaintiff seeks to derive any benefit from the reputation or good will of any competitor, or any owner of any of said 42 registrations.

10. Plaintiff's mark "Vegemite" is not confusingly similar to any of the marks "Vegex," "Veg-e-dine" and "Vegumine" relied upon by the Commissioner as grounds for refusing to register applicant's mark or any of said 42 Vege marks registered. There is little likelihood that confusion will result from the registration of plaintiff's trade-mark "Vegemite."

Conclusions of Law.

■ 1. The doctrine that any doubt should be resolved against the newcomer is not applicable to this case for two reasons:

(a) There is no doubt;

(b) There is no evidence of any special equities associated with any prior registered mark, or of any inequitable conduct by the plaintiff.

■ 2. The refusal of the Commissioner of Patents to register plaintiff's mark "Vegemite" was erroneous.

3. Plaintiff is entitled to have its trade-mark "Vegemite" registered in the United States Patent Office for "a yeast extract used primarily as a spread and also as a food flavoring in soups and gravies," as specified in its application for registration, Serial No. 467,061, filed January 15, 1944.

4. The Commissioner of Patents should be authorized to register plaintiff's trademark.

Informal Memorandum.

In the circumstances of the case it appears that over the course of 50 years some 42 registrations of various vegetable-derived food products have been issued. Each of such marks employs "Vege," the first two syllables of vegetable and each has other elements to give an identifying character. "Vege" is not a dominating element in any of the marks. In view of these circumstances plaintiff's mark cannot be said to be confusingly similar and the court thinks there is little likelihood that confusion will result from the registration of plaintiff's mark.

Nothing appears in the record to indicate that plaintiff seeks to derive any benefit from the reputation or good will of a competitor. The doctrine that any doubt should

be resolved against the newcomer may not properly be applied in the facts of the case.

The Commissioner of Patents will be authorized to register plaintiff's trade-mark in due form of law. Counsel for plaintiff will present for settlement appropriate findings of fact, conclusions of law and a judgment form consistent herewith.