43 C.C.P.A.(Patents)

The MAY DEPARTMENT STORES COMPANY, Appellant,

v.

KENYA CORPORATION, Appellee.

Patent Appeal No. 6187.

United States Court of Customs and Patent Appeals.

June 20, 1956.

Theodore W. Miller, Chicago, Ill., for appellant.

No brief and no appearance for appellee.

Before O'CONNELL, Acting Chief Judge, and JOHNSON, WORLEY, COLE, and JACKSON (retired), Judges.

O'CONNELL, Acting Chief Judge.

This is an appeal from the decision of the Commissioner of Patents acting through the Assistant Commissioner and affirming the decision of the Examiner of Interferences, 102 U.S.P.Q. 404, dismissing a petition by The May Department Stores Company, the appellant here, for cancellation of Trade-Mark Registration No. 548,445 granted to Kenya Corporation, the appellee, for the word "Aristosheen" as a trade-mark for rayon fabrics in the piece. The registration sought to be cancelled was granted September 18, 1951, on an application filed November 9, 1950.

No testimony was taken by either party, the petition for cancellation being based on appellant's ownership of the following list of prior registrations:

"Aristocrat"  Registration No. 375,-858 issued March 5, 1940, for draperies and upholstering fabrics made of silk, satin, rayon, wool, and mohair.

"Aristocrat Curtains"  Registration No. 373,-547 issued December 12, 1939, for de luxe and imperial curtains.

"Baby Aristocrat"  Registration No. 302,-538 issued April 25, 1933, for blankets.

"Baby Aristocrat"  Registration No. 374,-178 issued January 2, 1940, for infants and children's dresses, coats, and related garments.

"Durosheen"  Registration No. 262,-704 issued October 22, 1929, renewed, for men's dress and work shirts.

"Dovesheen"  Registration No. 262,-705 issued October 22, 1929, renewed, for men's dress and work shirts.

"Kasheen"  Registration No. 405,-172 issued January 11, 1944, for dress shorts.

"Lonsheen"  Registration No. 250,-317 issued December 4, 1928, renewed, for negligee shirts.

"Stasheen"  Registration No. 252,-285 issued January 29, 1929, renewed, for dress and work shirts.

"Supersheen"  Registration No. 269,-482 issued April 8, 1930, renewed, for men's dress and work shirts.

Petitioner contended before the Examiner of Interferences that appellee's mark "Aristosheen" is composed of two terms "Aristo" and "sheen," which, separately, are present in various registered marks of the petitioner, and that the public, being familiar with the petitioner's group or family of marks as hereinbefore described, would be likely to believe that goods bearing the mark "Aristosheen" originated with the petitioner. The Examiner of Interferences held, however, that in order to determine the question of likelihood of confusion the marks of a group must be separately considered, and that "Aristosheen" was not confusingly similar to any one of the petitioner's cited or registered marks. He accordingly dismissed the petition for cancellation.

The Assistant Commissioner, after briefly reviewing the facts of the case, held: "Since respondent's [appellee's] registration, as well as petitioner's is prima facie evidence of validity of the registration, ownership of the mark, and of respondent's exclusive right to use the mark on rayon fabrics in the piece, petitioner had the burden of overcoming such evidence by competent proof. It did not discharge its burden." The Assistant Commissioner accordingly affirmed the decision of the Examiner of Interferences.

The petitioner appealed to this court, assigning as errors in its reasons of appeal the holding of the Assistant Commissioner that the petitioner "had not sustained its burden by merely making of record its certificates of prior registrations of marks including 'Aristocrat' for substantially the same goods as respondent's upon which the latter uses 'Aristosheen'," and the failure of the Assistant Commissioner to hold that "Aristosheen" as used by the Kenya Corporation is confusingly similar to the petitioner's prior mark "Aristocrat."

It is correctly pointed out in the appellant's brief that this appeal involves two issues: first, whether the trade-mark "Aristosheen" as applied to rayon fabrics in the piece is confusingly similar to "Aristocrat" as applied to draperies and upholstery fabrics made from silk, satin, rayon, wool and mohair; and second, whether it is sufficient for the petitioner in a cancellation proceeding to make of record the prior registrations on which it relies in order to show, prima facie, its use of the registered marks on the goods described in the registrations.

Considering the second point first, it is noted that the Examiner of Interferences in his decision in the instant case, among other things, held:

"The petitioner's ownership of its pleaded registrations is established by the Official copies thereof filed with the petition for cancellation, which [registrations] have a record date earlier than that of the respondent and which also constitute evidence of use of the marks for the goods disclosed therein since prior to that of the respondent. Bond Stores Inc. v. Karasick etc., 89 U.S.P.Q. [503]; The Du All Mfg. Co. v. Livingston, 78 U.S.P.Q. 49; Ely & Walker Dry Goods Company v. Sears, Roebuck & Company, 90 F.2d 257, 24 C.C.P.A., Patents, 1244."

The Examiner of Interferences thereafter proceeded on the basis that the petitioner had established use of its marks prior to the respondent's use of "Aristosheen," and decided the case solely on the issue of lack of confusing similarity of the marks involved. His action in that respect was in accord with the decisions cited by him and with the decision of this court in Charles of the Ritz, Inc. v. Elizabeth Arden Sales Corp., 161 F.2d 234, 34 C.C.P.A., Patents, 1029.

The Assistant Commissioner entered a general affirmance of the decision of the Examiner of Interferences but did not specifically mention that portion of his decision contained in the excerpt quoted above. The decision of the Assistant Commissioner, it will be observed, does not hold that the petitioner's registrations are not prima facie evidence of prior use of the marks registered on the goods described in the registrations, but merely holds that, notwithstanding such evidence, the presumption of validity of the Kenya Corporation's registration of the mark "Aristosheen" had not been overcome.

In view of the above, we assume that the decisions of the tribunals of the Patent Office were based primarily on the lack of confusing similarity between "Aristosheen" and the marks relied on by the petitioner; since such lack of confusing similarity was the basis of the decision of the Examiner of Interferences, which the Assistant Commissioner affirmed, and which had been challenged before her by appellant's reasons of appeal. Appellant's reasons of appeal in the proceeding here likewise challenge the adverse decisions of the Patent Office on the issue of confusing similarity.

■ In any event, we agree with the Examiner of Interferences that the petitioner's registrations were sufficient to establish, prima facie, its prior use of the marks involved and that, in the absence of contradictory evidence by the respondent, no further proof of that matter by the petitioner was necessary.

It follows that the decision in this case turns solely on the question of confusing similarity of the marks since, as pointed out by the Examiner of Interferences, the goods to which the marks are applied are related products and of the same descriptive character. The appellant in its appeal brief and in its reasons of appeal relies here only on its mark "Aristocrat" and accordingly none of its other registered marks hereinbefore referred to need be further considered.

It is evident that the final syllables "crat" and "sheen" are entirely distinct in sound, meaning and appearance, and that the similarity between the marks under consideration is therefore confined to the "Aristo" portion. That portion is the combining form of the Greek word "aristos," meaning "the best," and its inclusion in a mark is therefore generally suggestive of high quality.

■ It is well settled that marks cannot be dissected for purposes of comparison, but must be considered in their entireties. Montgomery Ward & Co., Inc. v. Spiegel, Inc., 132 F.2d 144, 30 C.C.P.A., Patents, 721; Miles Laboratories, Inc. v. Foley & Co., 144 F.2d 888, 32 C.C.P.A., Patents, 714; Schering & Glatz v. Sharpe & Dohme, Inc., 146 F.2d 1019, 32 C.C.P.A., Patents, 827. Nevertheless, it is proper to note that it has frequently been held that marks whose initial syllable or syllables are the same will not be regarded as confusingly similar if the syllable or syllables in question have a descriptive or suggestive connotation and the remaining portions of the marks are clearly distinct. Examples of such cases, with the marks involved, are as follows:

Alumatone Corp. v. Vita-Var Corp., 183 F.2d 612, 37 C.C.P.A., Patents, 1151 (Alumatone and Alumikote); Kraft Walker Cheese Co. v. Kingsland, D.C., 75 F.Supp. 105 (Vegemite and Vegex); Miles Laboratories, Inc. v. Foley & Co., 144 F.2d 888, 32 C.C.P.A., Patents, 714 (Vitamiles and Vitabuild); Solventol Chemical Products, Inc. v. Langfield, 6 Cir., 134 F.2d 899 (Solventol and Solvite); Steem-Electric Corp. v. Herzfeld-

Phillipson Co., 7 Cir., 118 F.2d 122 (Steam-O-Matic and Steem-Electric); Vick Chemical Co. v. Kerfoot & Co., Ltd., 80 F.2d 73, 23 C.C.P.A., Patents, 752 (Vapex and Vaporub); Thomas Kerfoot & Co., Ltd. v. Louis K. Liggett Co., 1 Cir., 67 F.2d 214 (Vapure and Vapex).

It is also to be noted that "Aristocrat" is a word in everyday use, whereas "Aristosheen" is obviously a coined mark.

■ Upon careful consideration of the involved marks as entireties, we are of the opinion that they are clearly distinguishable and that confusion would not be likely to result from their concurrent use on the goods to which they are applied by the respective parties.

The decision of the Assistant Commissioner is affirmed.

Affirmed.

JACKSON, Judge, retired, recalled to participate.

JOHNSON, Judge (specially concurring).

I concur in the view of the majority that the marks are not confusingly similar. However, in my opinion, the petition for cancellation should have been dismissed for the reason that the petitioner's registration, without more, does not constitute evidence of use of its mark at the time of filing said petition.

The second point set forth in the majority opinion, namely, "whether it is sufficient for the petitioner in a cancellation proceeding to make of record the prior registrations on which it relies in order to show, prima facie, its use of the registered marks on the goods described in the registrations" in my opinion should be answered in the negative rather than in the affirmative as was done by the majority.

In its petition for cancellation, appellant alleged that it has "continuously and extensively used, and petitioner is now using and owns" the trademarks upon which it relies in support of its petition.

However, appellee denied the foregoing allegations in its answer to the petition for cancellation.

The questions which come to my mind, as they did to the Assistant Commissioner's, is whether the petitioner had the burden of overcoming the respondent's denials by competent proof, or whether the marks relied on by petitioner, without other proof, can be considered a prima facie showing that petitioner still owns and is still using its marks, these factors being a prerequisite to sustaining the petition for cancellation. I think that the answers to these questions should be in the negative.

First of all, I do not believe that the majority opinion in the foregoing respect is sound. The petitioner made certain allegations of use and ownership which were denied by respondent. It would therefore seem that it then became a burden upon the petitioner to submit proof that it still owned and was still using the marks on which it relied, especially since these facts were particularly within the scope of petitioner's knowledge and could have been submitted with very little difficulty.

I am fully cognizant that there are cases which hold that it is not necessary to submit proof of ownership and use of a mark by a petitioner and that a registration can be relied on without more to sustain a petition for cancellation. However, I have not been able to find any satisfactory rationale for such a procedure. However, there are other cases which set forth a rationale which I deem applicable to the present case.

A case I consider to be pertinent to my viewpoint is Old Monk Olive Oil Co. v. Southwestern Coca-Cola Bottling Co., 118 F.2d 1015, 28 C.C.P.A., Patents, 1091. That case has different facts than the present case (as discussed, infra), but involved a petition for cancellation wherein the respondent offered no evidence, and denied all the specific allegations of fact set forth in the petitioner's petition for cancellation. At page 1016 of 118 F.

2d, at page 1093 of 28 C.C.P.A., Patents, the court stated:

"That a petition for cancellation must allege facts upon which injury is predicated is well established. Model Brassiere Co., Inc., v. Bromley-Shepard Co., Inc., 49 F.2d 482, 18 C.C.P.A., Patents, 1294; McIlhenny's Son v. New Iberia Extract of Tobasco Pepper Company, Ltd., 30 App.D.C. 337.

"Therefore, appellee having denied in its answer all of the allegations of fact in appellant's petition, the burden was upon appellant to establish injury by the registration of the mark sought to be cancelled."

The court further stated, 118 F.2d at pages 1019, 1020, 28 C.C.P.A., Patents, at pages 1097, 1098 and 1099,

" * * * When the use of its mark by appellant at the time of filing its petition was put into issue by appellee's answer, the burden was upon appellant to establish such use by competent proof. * * *

* * * * * *

"It would have been easy for appellant to prove that it was using its mark at the time its petition for cancellation was filed, if such was the fact, and we are unable to understand its failure to do so."

It is to be again noted at this point that in the present case, appellant offered no evidence after the allegations of use and ownership in the petition for cancellation were denied by appellee.

Another case which I deem pertinent is Model Brassiere Co., Inc., v. Bromley-Shepard Co., Inc., 49 F.2d 482, 18 C.C.P.A., Patents, 1294. That case involved a cancellation proceeding. Although the facts of that case are different from the facts of the instant case (as noted, infra), that case is valuable in the sense that it discussed the point of law involved here and set forth the rationale behind this point of law. It is to be noted, however, that while the following cited portions of that case are to a great extent *obiter dictum*, these portions of the

case were recognized as such in the Old Monk Olive Oil Co. case, supra, but were nevertheless adopted as being the law in the last mentioned case. At page 485 of 49 F.2d, at pages 1298 and 1299 of 18 C.C.P.A., Patents, of the Model Brassiere Co., Inc., case, supra, the court stated:

"It is clear to us that there is a distinction between the proof required to show the statutory authority to petition for cancellation and the injury or damage which would be resultant from an invalid registration in a case where the petitioner claimed to be the owner of a valid trade-mark, and a case where he disputed the right of ownership in anyone. In the former it is clear that he should show such facts as would show his ownership and use at the time the petition was filed. In that case it would be important for him to allege and prove that he was making trade-mark use of the mark at the time of filing the petition, since, if he was not using it at that time it would be possible that he had abandoned its use altogether."

It is to be noted that a minority of the court dissented in that case. However, this minority was in agreement with the conclusion of the majority with respect to the foregoing subject matter pertaining to technical trade-marks. The dissenting opinion concluded, 49 F.2d at page 489, 18 C.C.P.A., Patents, at pages 1305 and 1306, as follows:

"In the case at bar, appellee properly alleged in its petition that it was using the registered mark at the time it filed its application. This allegation was denied in appellant's answer and, as no evidence was submitted to substantiate the truth of that allegation, there was nothing under the law for the Patent Office tribunals to do but to refuse to cancel the registered mark."

There are, as mentioned above, cases which support the majority's viewpoint. In this respect, the case of Charles of the Ritz, Inc. v. Elizabeth Arden Sales Corp.,

supra, cited by appellant appears to fully support its contention. In that case, a cancellation proceeding, each of the parties relied upon its registration and no evidence was introduced by either. The applications, from which the marks involved in that case matured, were co-pending. At page 237 of 161 F.2d, at page 1032 of 34 C.C.P.A., Patents, our court stated:

"We are in agreement with the tribunals of the Patent Office that as appellee was the first to file its application for registration, and that as its claimed first use set forth therein is long prior to the claimed first use in appellant's application, appellee's registration is *prima facie* proof that it was the owner of its registered mark. * * *"

It is to be further noted that the court apparently cited with approval, 161 F.2d at page 235, 34 C.C.P.A., Patents, at page 1030, the Patent Office tribunal's holding that " * * * it was unnecessary that appellee [petitioner for cancellation] submit evidence other than his registration for the purpose of establishing its priority of use and its ownership of its mark." [Matter in brackets added.] Under the foregoing facts, the court affirmed the sustaining of the petition for cancellation by the Patent Office tribunals.

The case of Rosengart, Etc. v. Ostrex Co., Inc., 136 F.2d 249, 30 C.C.P.A., Patents, 1046, which also supports the majority viewpoint, involved a cancellation proceeding, and had facts very similar to the present case. The petitioner (appellee) in that case took no testimony but was permitted to use testimony taken in previous opposition proceedings. There was a contention by the respondent [appellant] before this court that there was a duty on the petitioner for cancellation to prove use of its mark at the time of filing the petition, this evidently not having been done. The court, in answering this contention, stated, 136 F.2d at page 253, 30 C.C.P.A., Patents, at page 1051:

"On the question of the duty of the petitioner for cancellation to prove the use of its mark at the time of filing the petition, appellant relies to a great extent upon the decision of this court in Old Monk Olive Oil Co. v. Southwestern Coca-Cola Bottling Co., etc., * * * [supra] in which we referred to our ruling in Model Brassiere Co., Inc. v. Bromley-Shepard Co., Inc., * * * [supra]. Even a superficial examination of the facts involved there shows that they are not on all fours with the facts presented here. In neither of those cases were we speaking of a *registered* mark. Moreover in the Old Monk Olive Oil Co. case, there was no attempt to show use of the mark or the right to use it during the period beginning five or six years before the cancellation proceedings were instituted. The facts are different here. The incorporated record shows that the registered mark "Ostrex" was, by the registrant (who was president of the Ostrex Company), transferred to his company a little over three years prior to the filing of the instant petition for cancellation, but during approximately two years of the intervening time the opposition proceedings hereinbefore spoken of were in progress, and those proceedings were based on the Ostrex Company's ownership and use of its said registered mark."

The fact remains, however, that a petition for cancellation was sustained in that case notwithstanding that the petitioner did not show use of the mark at the time of filing the petition.

It can readily be seen from the foregoing four cases, which have been discussed at length, that the law is unsettled. It is to be noted, however, that the Charles of the Ritz, Inc. case, supra, does not cite the Old Monk Olive Oil Co. case, supra, nor the Model Brassiere Co., Inc. case supra. Furthermore, it appears from the record and the briefs of the Charles of the Ritz, Inc. case, supra, that these other cases were not cited to the court nor was the point in issue in the instant

case treated by the parties in their briefs before the court. However, the Old Monk Oil Co. and Model Brassiere Co. cases, supra, were definitely considered and distinguished in the Rosengart case, supra. I am of the opinion that it is erroneous for the court to rely on holdings such as the Charles of the Ritz Co., Inc. and Rosengart cases, supra, without seriously reconsidering the rationale of the other cases which I have discussed above, notwithstanding that the fact situations in the former two cases are more in point than the latter two cases.

I am not disposed to speculate as to what the court's rationale was in the Charles of the Ritz, and Rosengart cases, supra. However, it is my opinion, after considering the foregoing cases, that the Old Monk Olive Oil Co. and the Model Brassiere Co., Inc. cases, supra, express the sounder legal viewpoint. It seems quite clear to me as a general legal proposition that when a petitioner makes certain allegations which are denied by a respondent that the petitioner has the burden of bringing in evidence to support his allegations. This must of necessity be the case in a cancellation proceeding such as the present one since the petitioner can prevail only if it can show the likelihood of confusion which would be indicative of injury to itself. However, before there can be such injury, as this term is used in trade-mark law, the petitioner, in a case such as this one, must prove that it owns and is using the trade-mark where the pleadings relating to these factors have been controverted. If the petitioner fails to submit such proof when the ownership and use of petitioner's trade-mark have been placed in issue by respondent's answer, the petitioner has not shown that it is in a position to be injured since it has not proved the elements ancillary to injury, namely, ownership and use. If the proof of ownership and use, when required, is not submitted by a petitioner, an owner of a registered mark could be harassed by petitions for cancellation of its trademark registration, and may even possibly lose such registration notwithstanding that the petitioner never proved itself to be in a position where it could have been or could be injured by respondent's use of a mark alleged to be confusingly similar to petitioner's mark.

In the present case, where the allegations of ownership and use of the mark were denied by respondent, it would have been much simpler for petitioner to prove these elements than for respondent to prove lack of use and ownership of the mark. It seems most logical to me that petitioner had the burden of proving these elements, and I am not disposed to speculate why petitioner did not do so. It is my opinion, after giving much deliberation to the matter and extensively researching the subject, that a petitioner should be required to prove its standing to petition for cancellation of another's mark, by proving ownership and use once these questions have been raised by the pleadings.

I am further of the opinion that insofar as the holdings of the Charles of the Ritz, Inc. and Rosengart cases, supra, are in conflict with the rationale of the other of the above-cited cases, they should be overruled.

There is another reason why I feel that the rule adopted by the majority is improper. Section 9 of the Lanham Trade-Mark Act, 15 U.S.C.A. § 1059, reads in part as follows:

"Each registration may be renewed for periods of twenty years from the end of the expiring period upon the filing of an application therefor accompanied by an affidavit by the registrant stating that the mark is still in use in commerce and the payment of the renewal fee required by this chapter; * * *."

It is to be noted that an applicant for renewal of a registration must submit an affidavit of current use to the Patent Office.

Renewal proceedings are an *ex parte* matter, and another party's rights are not directly involved. The present case is an *inter partes* proceeding where another party's rights are directly involved.

Can it be logically said that there is less proof of current use required in an *inter partes* proceeding where another party's rights are directly involved than in an *ex parte* proceeding where they are not directly involved? I think not, but this is what the majority opinion sanctions.

For the foregoing reasons I believe that the dismissal of the petition for cancellation should have been *affirmed* by us on the ground that there was no actual proof introduced by the petitioner that it owned and was using its marks at the time of filing its petition.