43 C.C.P.A (Patents)

**NATIONAL CRANBERRY ASSOCIA-TION, Appellant,**

**v.**

**Carl R. INGLING, Appellee.**

**Patent Appeal No. 6203.**

United States Court of Customs and Patent Appeals.

June 20, 1956.

Beekman Aitken, Washington, D. C., for appellant.

John B. Brady, Washington, D. C., for appellee.

Before JOHNSON, Acting Chief Judge, and WORLEY, and JACKSON (retired), Judges.

WORLEY, Judge.

This is an appeal from the decision of the Assistant Commissioner of Patents, affirming the decision of the Examiner of Interferences, dismissing a petition

by appellant, National Cranberry Association, for cancellation of Trademark Registration No. 561,474, granted to appellee, Carl R. Ingling, on July 15, 1952, for the mark "Sea Spray," associated with certain subordinate pictorial matter, for "ocean salt crystals evaporated from ocean water and containing mineral supplements nutritious for livestock, poultry and human consumption." The petition was based on appellant's ownership of Trademark Registrations Nos. 196,795, issued March 31, 1925; 283,708, issued June 2, 1931; and 397,586, issued September 8, 1942, for the mark "Ocean Spray" as applied to fresh and canned cranberries, cranberry syrup, and canned cranberry flakes.

Neither party took testimony, but copies of appellant's registrations were duly filed and accepted by the Examiner of Interferences as showing its ownership of the registered marks and its use of the marks long prior to appellee's use of the mark sought to be cancelled.

The Examiner of Interferences held that the marks as applied to the goods of the respective parties were not likely to cause confusion or mistake or to deceive purchasers within the meaning of section 2(d) of the Lanham Act (Trade-Mark Act of 1946).[1] He pointed out that while cranberry products and salt crystals for human consumption were broadly goods of the same descriptive properties and might be sold through the same retail outlets, it was apparent they differed widely with respect to physical sources of origin, manufacturing processes, composition and trade appeal. He further noted that, although the marks "Sea Spray" and "Ocean Spray" are similar in meaning when considered alone, the latter is wholly arbitrary in character as applied to cranberry products while the word "sea" is descriptive and "Sea Spray" is definitely suggestive when applied to salts derived from sea water.

Upon appeal the Assistant Commissioner affirmed the examiner's holding as follows:

"There is nothing in the record here from which damage to petitioner can be presumed, since the differences in goods, when coupled with the differences in marks, lead away from a thought of common origin rather than toward it."

It is too well settled to require citation that likelihood of confusion of similar marks is largely a matter of opinion to be decided on the particular circumstances of each case. The question is whether, considering differences in the goods as well as differences in the marks, purchasers would be likely to be misled into thinking that the goods emanated from a common source.

Full consideration has been given appellant's arguments but we find nothing which would justify us in disagreeing with the conclusions of the Patent Office tribunals that the differences in appearance, sound and meaning of the trademarks "Ocean Spray" and "Sea Spray," as applied to the goods of the respective parties are such that the concurrent use of the marks would not be likely to result in confusion.

The decision of the Assistant Commissioner is accordingly affirmed.

Affirmed.

JACKSON, Judge, retired, recalled to participate.

---

1. Sec. 2. Trade-marks registrable on the Principal Register

"No trade-mark by which the goods of the applicant may be distinguished from the goods of others shall be refused registration on the principal register on account of its nature unless it—

\*   \*   \*   \*   \*

"(d) Consists of or comprises a mark which so resembles a mark registered in the Patent Office or a mark or trade name previously used in the United States by another and not abandoned, as to be likely, when applied to the goods of the applicant, to cause confusion or mistake or to deceive purchasers: \* \* \*."
15 U.S.C.A. § 1052(d).

O'CONNELL and COLE, JJ., because of illness, did not participate in the hearing or decision of this case.

JOHNSON, Judge (specially concurring).

I concur in the conclusion for reasons set forth in my concurring opinion in May Department Stores v. Kenya Corporation, 43 C.C.P.A., Patents, ——, 234 F.2d 870.