## MAS v. ROOT.
### No. 2826.

Court of Customs and Patent Appeals.
Jan. 4, 1932.

R. Clyde Cruit, of Washington, D. C., for appellant.

Arthur M. Hood, William P. Hahn, and Harold B. Hood, all of Indianapolis, Ind., for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

BLAND, Associate Judge.

This appeal is an interference case between two copending applications for a patent for a design for a bottle.

Each of the lower tribunals assumed, without deciding, that the appellant was the first to conceive (about 1920) the subject-matter of the count which reads "the ornamental design for a bottle as shown." Both of the lower tribunals held that Root made his invention in July, 1923, and that it was not necessary for them to determine the date upon which Root actually manufactured a bottle. Root claims August 10, 1923, as his date for reduction to practice. Root filed his application in the Patent Office in July, 1925, while Mas filed his application in September, 1925.

Both tribunals held that Mas was not entitled to priority, although the first to conceive, because he was the last to reduce to practice and was lacking in diligence from the time Root entered the field until the Mas application was filed.

In this court Mas does not contend that he ever reduced his invention to practice except by filing his application, and attempts to establish diligence to overcome the disadvantage from such lack of an earlier reduction to practice. It is claimed by Mas, and considerable evidence was introduced for the purpose of supporting such claim, that there was a lack of originality in Root's invention, and that he obtained his conception of the design from the appellant.

Thus, it appears from the foregoing statement of facts that there were but two issues involved in the decisions by the tribunals below—originality on the part of the appellee, and diligence on the part of the appellant. Both tribunals went into the evidence quite exhaustively and concluded that Mas had failed to fairly establish that Root derived the invention from him. We have examined the evidence with care, and agree with their finding in this particular.

There is much evidence in the record on the subject of diligence, most of which is to the effect that appellant was financially poor and had no money to pay the expenses of filing an earlier application for the design at bar, and that he sought to borrow and did borrow money to pay the application expenses, but that the same was

used for paying the expenses of applications for other design patents.

Appellant, who is a storekeeper in Lynchburg, Va., is shown to be a prolific inventor of designs, and the record shows that during the period between 1920 and 1925 he filed quite a number of design applications; that he would produce them and then file the applications after he obtained the money to pay the fees. Appellant's counsel states that appellant has invented approximately 400 designs and has actually filed more than 100 designs to date.

The record shows that appellant, just prior to July, 1923, when Root entered the field, filed not less than 16 applications for bottle designs, and that the money said to have been advanced by a Mr. and Mrs. Zaki was advanced on the condition that they be allowed to select the designs, and that they did not select the design in controversy as one which was to be the basis for the application for patent. Zaki does say, however, that he gave Mas the money in 1923 to apply for the design in controversy. No part of the money so advanced was used to pay expenses of filing application for the design in controversy here. The examiner said: "It seems, rather, that said design was merely laid aside, for the time being, in favor of other types of bottles." On this record, it would be difficult to avoid the force of this conclusion. Without discussing the great mass of evidence in detail, we think the tribunals below correctly found that Mas was lacking in diligence during the period when diligence was required. Certainly we are not prepared to say that their findings in that respect were against the weight of the evidence.

As to whether the facts in this case show that Mas reduced to practice his invention otherwise than by filing the application, we do not feel called upon to determine, since this question was not specifically set out in the reasons of appeal, nor was it referred to in the briefs or discussed in oral argument. Furthermore, it is not our intention to suggest the patentability or nonpatentability of the subject-matter of this interference.

Upon this record, we conclude, for the foregoing reasons, that the Board of Appeals properly affirmed the decision of the Examiner of Interferences in awarding priority of invention of the subject-matter in issue to Chapman J. Root, the senior party, and its decision is affirmed.

Affirmed.