## JANTZEN KNITTING MILLS v. WEST COAST KNITTING MILLS.

### Patent Appeal No. 2503.

Court of Customs and Patent Appeals.
March 31, 1931.

BLAND, Associate Judge, dissenting.

For former opinion, see 46 F.(2d) 182.

Eugene E. Stevens, of Washington, D. C. (Albert L. Jacobs, of Washington, D. C., of counsel), for appellant.

Albert J. Fihe, of Chicago, Ill., for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

LENROOT, Associate Judge.

On January 29, 1931, appellant filed a petition for rehearing in this case, which case was decided by this court on January 12, 1931. 46 F.(2d) 182. The petition is based upon the alleged registration by appellant of the trade-marks "Diving Girl" and "Red Diving Girl," which trade-marks were not considered by us in our decision.

It is true that we did not consider said marks. The mark "Diving Girl" was not pleaded in the notice of opposition, although the mark "Red Diving Girl" was pleaded. Neither of said marks seems to have been considered by the Patent Office tribunals, although referred to as having been included in the notice of opposition. This is erroneous as to the mark "Diving Girl" because, as above stated, said mark was not pleaded in said notice. Representations of both of said marks are, however, found in the record.

In appellant's appeal to the commissioner, no error was assigned with reference to the mark "Diving Girl," but error was assigned as to the mark "Red Diving Girl."

In the appeal to this court, the grounds for appeal are stated as follows:

"1. That the First Assistant Commissioner erred in not sustaining the opposition.

"2. That the First Assistant Commissioner erred in affirming the decision of the examiner of trade-marks.

"3. That the First Assistant Commissioner erred in holding that 'the respective representations of the figures in the two marks are quite dissimilar.'

"4. That the First Assistant Commissioner erred in not finding that the opposer is entitled to the broadest possible interpretation of its trade-mark rights in connection with the representation of a female figure wearing a bathing suit and in the act of diving, or in the position preliminary to making a dive.

"5. That the First Assistant Commissioner erred in finding 'that confusion in trade would not be likely.' "

The first two grounds are general and cannot be considered by us. Section 4912 of the Revised Statutes (35 USCA § 60) requires a party appealing to this court to file with the Commissioner of the Patent Office his reasons for appeal. Certainly a general assignment that the commissioner erred in his decision, without further specification, is not a compliance with the provisions of this section.

Therefore, the only reasons for appeal were those numbered 3, 4, and 5.

The third ground of appeal relates to the holding of the commissioner that "the respective representations of the figures in the two marks are quite dissimilar." The fourth ground of appeal relates to the holding of the commissioner with respect to appellant's trade-mark rights in connection with "the representation of a female figure wearing a bathing suit and in the act of diving, or in the position preliminary to making a dive." The fifth ground of appeal relates only to confusion in trade.

In appellant's brief, and upon oral argument, no reliance was placed by appellant's

counsel upon the mark "Diving Girl" or "Red Diving Girl," but the argument was directed solely to marks representing a female figure wearing a bathing suit and in the act of diving.

Section 4914 of the Revised Statutes (35 USCA § 62) provides that the decision of this court shall be confined to the points set forth in the reasons of appeal.

█ As appellant's motion for rehearing is based upon points not set forth in its reasons of appeal, the motion is denied.

Denied.

BLAND, Associate Judge (dissenting).

I cannot agree to the additional opinion written by Judge LENROOT in this case. In the first place, I do not think the reasons sufficient for our failure to consider the question of confusion between appellee's mark and the mark "Diving Girl" and "Red Diving Girl," and especially should we consider the question with reference to the confusion which would result in view of the registered mark "Red Diving Girl." I believe, under the circumstances of this case, that the holding of the majority that the question is not raised by assignments 1 and 2 is unwarranted. In view of the fact that the mark "Red Diving Girl" was pleaded in the notice of opposition, is set out in the record, and was before the commissioner, the same being referred to, by number, in the commissioner's decision, we should have considered it. Since we failed to consider it, and since it is probable that a different result would have been reached if we had considered it, a rehearing should be granted.

The fact that the majority feels it necessary to render an additional opinion will be taken as an indication that the court would not have arrived at the same conclusion if it had considered the two trade-marks "Diving Girl" and "Red Diving Girl." It seems to me that there is just as much likelihood of confusion between appellee's mark and the pictorial representation of a red diving girl as there would be between appellee's trade-mark and the trade-mark involving the words "Red Diving Girl." It is well-settled in Sherwin-Williams Co. v. Naamlooze, etc., 146 M. D. 460, 15 T. M. Rep. 270, that the word "Capitol" is to be given the same effect as the picture of the Capitol. To the same effect is In re Woolwine, 97 O. G. 1373, in which the picture of a donkey and the word "Donkey" were involved. Certainly if an applicant is not permitted to register the word "Bear," he would not be entitled to register the picture of a bear. Great Bear Spring Co. v. Bear Lithia Springs Co., 45 App. D. C. 305, 6 T. M. Rep. 430.

As above indicated, the additional opinion points to the weakness of the original opinion, that is to say, it seems obvious that confusion will result from the two red diving girl trade-marks, whether in pictures or words.