No. 6725.

Circuit Court of Appeals, Fifth Circuit.

Jan. 17, 1933.

DERBY OIL CO. v. WHITE STAR REFIN-
ING CO.

Patent Appeal No. 3055.

Court of Customs and Patent Appeals.

Jan. 23, 1933.

Before BRYAN, SIBLEY, and HUTCHESON, Circuit Judges.

Albert J. Fihe, of Chicago, Ill., for appellant.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GRAHAM, Presiding Judge.

The appellant, Derby Oil Company, filed its application in the United States Patent Office for registration of a trade-mark used in connection with the sale of gasoline, motor oils, and greases, on April 7, 1926, and, on October 26, 1926, the same was duly registered. In said application it was alleged that said mark had been used by appellant, continuously, since December 1, 1925. The mark consists of the "representation of a road sign having a substantially rectangular base with a circular target surmounting the base, this circular target being red and having a white star in the center thereof, and upon the white star appeared the initials 'D. O. Co.' in a monogram." On the base portion of the representation of a sign appear the words "Derby Oil Co. Gasoline Motor Oils & Greases." All these words, except the corporate name, are disclaimed.

The appellee, White Star Refining Company, thereafter, to wit, on April 14, 1930, filed its petition for cancellation of said mark. In its petition it alleged that its predecessor, the Brooks Oil Company, on October 18, 1927, was granted trade-mark registration No. 234,-141, and on October 25, 1927, was granted trade-mark registration 234,446, registering the trade-mark "White Star" for motor fuels, which registrations were duly assigned to the appellee and are owned by it. The petitioner further alleged that appellant's registered mark was "deceptively similar" to appellee's said mark, was applied to goods of the same descriptive character, was essentially petitioner's corporate name, and that the registration would result in confusion in trade and damage to appellee. Appellee alleged that since long prior to December 1, 1925, it and its predecessors had used this mark in interstate commerce.

The appellant answered the petition, denying confusing similarity with either corporate name or mark, requiring strict proof of prior use by appellee of the mark "White Star," and proffering a large number of prior registrations to support the contention that the use of a white star is publici juris.

The Examiner of Interferences sustained the petition for cancellation, holding that the conflicting marks are so similar as to cause at least a reasonable doubt that confusion in trade is likely to result from their use. He also held confusion would be likely to result because of petitioner's corporate name, under the name clause of section 5 of the Trade-Mark Act of February 20, 1905, namely:

"Sec. 5. That no mark by which the goods of the owner of the mark may be distinguished from other goods of the same class shall be refused registration as a trade-mark on account of the nature of such mark unless such mark—
*    *    *    *    *    *    *    *

"(b) Consists of or comprises * * * *any name, * * * adopted by any institution, organization, club, or society which was incorporated in any State in the United States prior to the date of the adoption and use by the applicant. * * * *"

The Examiner of Interferences sustained the petition for cancellation, holding that petitioner was the prior user of the mark.

The Commissioner, on appeal, reversed the decision of the Examiner of Interferences on the second ground above stated, and affirmed it upon the first, ordering cancellation of the mark.

The appellant raises some preliminary questions which may be disposed of here. Counsel argues that there is no showing of a continuity of use, and transfer of appellee's trade-mark from the Brooks Oil Company to appellee. The assignments of error are silent as to this matter. No reason for appeal being averred upon this point, cognizance of it will not be taken here. Mas v. Root, 54 F. (2d) 435, 19 C. C. P. A. 819; Southgate v. Greene, 57 F.(2d) 374, 19 C. C. P. A. 1129; Jantzen Knitting Mills v. West Coast Knitting Mills, 47 F.(2d) 954, 18 C. C. P. A. 1142.

It is next argued that photostatic reproductions of certain photographs were introduced in evidence by petitioner, which were improperly verified and objectionable. It does not appear that either tribunal in the Patent Office considered these photostats as evidentiary. Even if they were so considered, no reason for appeal is grounded thereon. This contention, therefore, cannot be sustained.

The record shows, by what seems to us a preponderance of the evidence, that since 1914, the appellee and its predecessor have been using the mark "White Star" in conjunction with the sale of its products, greases, machine shop lubricants, motor oil, and, later, but before appellant's entrance into the field, on fuel oil, gasoline, and automobile accessories. This mark was placed upon its pack-

ages, cans and barrels, railroad tank cars, trucks, and filling stations. This mark was a white five pointed star, upon a blue background.

This, in our opinion, shows a sufficient trade-mark use. It is not essential that every gallon of gasoline or quart of cylinder oil sold shall be in a container bearing the trade-mark of the company. The record contains ample evidence of the interstate use of this mark by appellee. In addition, it quite plainly shows that motor fuels were retailed at filling stations from pumps bearing this mark of a white star. It would be going far afield to say that this was not a trade-mark use. In our opinion, it conforms fully to the definition of a trade-mark given by the court in Elgin National Watch Co. v. Illinois Watch Case Co., 179 U. S. 665, 673, 21 S. Ct. 270, 273, 45 L. Ed. 365: "The term has been in use from a very early date, and, generally speaking, means a distinctive mark of authenticity, through which the products of particular manufacturers or the vendible commodities of particular merchants may be distinguished from those of others."

It is next urged that the design of a white star is and was at the time of appellee's adoption of the same as a trade-mark, publici juris, and that, therefore, appellee can claim no exclusive right of use thereof. The petition of appellee is not based alone upon its registrations of its trade-mark consisting of a representation of a white star upon a blue field and the words "White Star." It further relies upon the provision of section 13 of the Trade-Mark Act of February 20, 1905 (15 USCA § 93): " * * * Whenever any person shall deem himself injured by the registration of a trade-mark in the Patent Office, he may at any time apply to the Commissioner of Patents to cancel the registration thereof."

We have held, under this provision, that a strictly trade-mark use of the words or mark by the petitioner, in cancellation proceedings, is not necessary. Injury to the business of the petitioner may be otherwise shown. Model Brassiere Co. v. Bromley-Shepard Co., 49 F.(2d) 482, 18 C. C. P. A. 1294, 1301.

The record now before us shows quite clearly that since, approximately, the year 1914, and long prior to appellant's use of the mark here sought to be cancelled, appellee made a trade-mark use of a white star, upon a blue ground, together with its corporate name, "White Star Refining Company," in conjunction with its sale of goods of the same descriptive properties as those sold by appellant under its registered trade-mark, here in issue. This use was followed by registrations in the name of the Brooks Oil Company, of October 18, 1927, and October 25, 1927.

Whether, because at least a part of appellee's alleged trade-mark, the white star feature, at the time of its adoption and later registrations, was invalid because the subject-matter was publici juris, is an issue, in our opinion, not properly now before us. The validity of the marks will be assumed for the purposes of these proceedings. American Cyanamid Co. v. Synthetic Nitrogen Prod. Corp., 58 F.(2d) 834, 19 C. C. P. A. 1235. In the case last cited, we held that similar rules, in so far as the same may be applicable, having in mind the nature of such proceedings, are applicable in opposition and cancellation proceedings. An attack upon the validity of opposer's mark is not an issue in opposition proceedings. Sharp & Dohme v. Parke, Davis & Co., 37 F.(2d) 960, 17 C. C. P. A. 842; Lever Bros. Co. v. Riodela, 41 F.(2d) 408, 17 C. C. P. A. 1272; Leschen & Sons v. Amer. Steel & Wire Co., 55 F.(2d) 455, 19 C. C. P. A. 851. No reason appears why the same rule should not be applicable to cancellation proceedings. Of course, nothing that we have said here should be construed as an expression of our opinion as to the validity or lack of validity of appellee's mark.

But one inquiry remains. Are the marks of appellant and appellee confusingly similar to the extent that prospective purchasers might be led to mistake the goods of one for those of the other? This presents, as do all such cases, largely a question of the effect which the competing marks make upon the mind of the observer. We may take judicial knowledge that, in our day, the goods of appellant and appellee are retailed, almost exclusively, at service and filling stations. Modern traffic moves rapidly. The customer desiring to purchase these goods is attracted to symbols or signs on service stations and pumps, which he has associated with the goods he ordinarily buys. A white star upon the target of a pump, or upon a service station, will attract his attention, and, in our judgment, a lettered monogram upon its face, or the nature of its background, will not distinguish it sufficiently to prevent mistakes and confusion. We agree with the decision of the Commissioner that the star is the salient feature of the mark. It follows that the

marks are confusingly similar, within the meaning of the statute.

In view of these considerations, the decision of the Commissioner of Patents is affirmed.

Affirmed.

## DERBY OIL CO. v. WHITE STAR REFINING CO.

### Patent Appeal No. 3056.

Court of Customs and Patent Appeals.

Jan. 23, 1933.

Albert J. Fihe, of Chicago, Ill., for appellant.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GRAHAM, Presiding Judge.