### ELY & WALKER DRY GOODS CO. v. SEARS, ROEBUCK & CO.

Patent Appeal No. 3813.

Court of Customs and Patent Appeals.
June 7, 1937.

William Keane Small, of St. Louis, Mo., for appellant.

Edward D. Jones, of Chicago, Ill., for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GARRETT, Associate Judge.

This is a trade-mark opposition proceeding in which appellee (hereinafter referred to as opposer) opposes the application of appellant for registration of the word "Needleized" as a trade-mark for cotton piece goods. It comes to us by appeal from the decision of the Commissioner of Patents affirming the decision of the Examiner of Interferences sustaining the opposition and denying the registration.

In its notice of opposition opposer plead its ownership, registration, and use of the word "Needle-Thrift" for "cotton piece goods—namely, muslin, cambric, long-cloth and nainsook." This registration (No. 149,-234) bears date of December 6, 1921, with use alleged "since July 16, 1920." Appellant's application was filed April 23, 1934, with use alleged "since about April 1, 1933."

The goods of the respective parties are obviously identical. So, the ultimate question to be determined is whether the application of the marks "Needleized" and "Needle-Thrift" to identical merchandise would be likely to cause confusion or mistake in the mind of the public or to deceive purchasers. However, certain collateral or subsidiary issues are raised and argued by appellant to which we give attention.

The notice of opposition, which was sworn to, alleged ownership and continuous use by opposer of its mark "Needle-Thrift" to identify its cotton piece goods; also, it alleged the spending of "substantial sums to advertise its said trade-mark for said goods." In connection with its certificate of registration, the notice averred: "Said registration is still in full force and effect." It contained the usual allegation of belief that it would be damaged by the grant of appellant's application.

In its answer (not sworn to) appellant, among other things, stated: " * * * Applicant admits that opposer obtained from the United States Patent Office on December 6, 1921, a certificate of registration No. 149,234 covering the term "Needle-Thrift" with respect to muslin, cambric, long cloth and nainsook cotton piece goods and that said registration is subsisting, but denies that opposer was entitled to obtain said registration and that the application therefor met the requirements of the Trade-Mark Act of February 20, 1905."

The answer alleged that opposer's use of its mark, "if used in any manner," was not as a trade-mark "but merely as an indication of grade or quality." Also, appellant cited numerous registrations to other parties which included the word "needle" in combination with different prefixes and suffixes and, in some instances, with other words, such registrations apparently being for goods similar to the goods of the respective parties here involved. It was alleged that all the registrations so cited were obtained subsequent to the date of opposer's registration. Further, appellant cited a registration to it of a composite mark, which included as one element the word "Needleized," granted September 26, 1933. By way of "affirmative defense" appellant recited the difference in the marks, denied that "Needleized" and "Needle-Thrift" are confusingly similar "within the meaning of any clause or section of the Trade-Mark Act" and also denied that its proposed mark "is by it applied to merchandise of the same descriptive properties as such merchandise, if there be any, as may be sold by opposer under the notation 'Needle-Thrift'." As has been already indicated, this latter denial is obviously futile, since the goods of the parties are virtually identical, and this particular issue requires no further attention. The answer does not contain any denial of, or reference to, opposer's allegation as to damage.

Neither party took testimony in the case, but prior to the expiration of the time set for completing opposer's testimony in chief (such time having been extended by stipulation of counsel), counsel for opposer gave notice to counsel for appellant (such notice purporting to be under Patent Office Rule 154 (e) that opposer proposed to use "as evidence" certain described documents. One of those consisted of a copy of opposer's registration of "Needle-Thrift," No. 149,-234. The other items consisted of advertising matter, many of them alleged to have appeared in different of opposer's copyrighted catalogues.

Following receipt of the notice appellant filed motion that opposer be required to show cause why the opposition should not be dismissed. In this motion, which is of record, we do not find any objection made to the introduction by opposer of the documents described in the notice, nor do we find where objection was elsewhere made. The objection in the motion goes not to their introduction, but to their sufficiency to support the allegations of opposer as to use of the trade-mark, "probable injury * * * confusion in trade or other allegations in the notice of opposition contained." The gravamen of appellant's motion was that opposer should be required to substantiate its allegations by "testimony," and that it had failed so to do.

The motion to show cause was granted, and opposer filed reply thereto.

■ Upon the record so presented, the Examiner of Interferences rendered the decision which the Commissioner of Patents affirmed. It is not discernible from the decisions that the "Notice under Rule 154 (E)," to which appellant's counsel has devoted extensive attention before us, entered into the consideration of the case by either the Examiner of Interferences or the Commissioner. Neither decision makes any reference to it. Therefore, we are unable to see wherein any matter concerning it requires discussion or determination by us.

■ Already it has been recited that, in its answer, appellant, while denying that opposer owns the mark, admitted that opposer obtained the registration and that such registration is "subsisting." It is noted that appellant in the same paragraph of the answer also "denies that opposer was entitled to obtain said registration and that the application therefor met the requirements of the Trade-Mark Act of February 20, 1905."

Upon what state of facts or theory of law this latter averment rests we are not informed. The denial of ownership is inconsistent with the admission of the obtaining and subsistence of the registration. Registration of a mark is prima facie evidence of its ownership. Section 16, Trade-Mark Act of 1905 (15 U.S.C.A. § 96). The denial of the right of opposer to obtain the registration and the claim that opposer's application did not meet the requirements of the trade-mark registration act go to the question of the validity of opposer's mark. The validity of a registered mark may not be attacked in an opposition proceeding. In the case of American Fruit Growers, Inc., v. Michigan Fruit Growers, Inc., 38 F.(2d) 696, 698, 17 C.C.P.A.(Patents) 906, 910, we said: "So far as we are aware, appellant was entitled to the registration of its mark for use on its products, * * * if it was inadvertently registered, those injured by such registration have a statutory remedy—application for cancellation."

■ Upon the question of use by opposer of its mark as a trade-mark, which counsel for appellant insists is placed in issue by denial of such use in the answer, it need only be said, first, that ownership implies use and, second, that under the rule announced by this court in John Wood Manufacturing Co. v. Servel, Inc., 77 F.(2d) 946, 22 C.C. P.A.(Patents) 1370, one may oppose a registration upon showing merely a "grade-mark" or "trade-name" use when such use is analogous to a trade-mark use, and the answer of appellant in this case virtually admits a use of "Needle-Thrift" by opposer to indicate "grade or quality."

Counsel for appellant seems aggrieved because counsel for opposer failed, or was not required by the Examiner of Interferences, to call officials of appellee company, or other witnesses, to the end that he might cross-examine them, and argues that there was not a compliance with the statement issued to the respective parties by the Examiner of Interferences, saying that "the practice of United States equity courts will be followed in pleading and procedure."

The brief on behalf of appellant, after pointing out the matters denied in the answer, says: "Why has the opposer, the validity of its registration being thus challenged, taken no testimony and adduced no proof on that or any other issue raised by the denials and averments of applicant's answer? The explanation seems obvious. No such proof was available. Had witnesses

260

been called in the attempt to make such proof, they would have been subjected to the test of cross-examination, but the opportunity to thus ascertain the truth of the matter has been denied applicant's counsel. Certainly it is not to be expected, under Federal equity practice, that applicant should go to the trouble of taking testimony when there has been an entire default in that respect by the complaining party, who carries the burden of proof, and we indulge the presumption that citations on this point are unnecessary to supplement the legal knowledge of the Court."

The foregoing indicates that counsel for appellant overlooked the effect of the statutory provision making a registration prima facie evidence of ownership, and overlooked also the universally applied maxim, "Equity follows the law."

■ Upon the record and in view of the admission in appellant's answer, we do not think that the validity or the use of opposer's mark was so challenged as to require the taking of testimony by opposer upon those questions, and we know of no authority lodged in the Examiner of Interferences to require opposer to call witnesses for the purpose of giving counsel for an applicant the opportunity to cross-examine them.

As for the registration to other parties of marks containing the word "needle" and that to appellant containing as a part thereof the word "Needleized," the brief on behalf of appellant makes the concession that "under decisions of this Court, the several registrations referred to are not conclusive upon the question of applicant's right to registration," but it is claimed that they "should be viewed as establishing the fact that the opposer is not entitled to monopolize the prefix 'Needle' which is the only point of resemblance between its notation 'Needle-Thrift' and the notation 'Needleized' sought to be registered." Also "laches and acquiescence" on the part of opposer is alleged, which it is claimed should estop opposer from opposing appellant's application.

■ Under numerous decisions of this court in which we followed the rule established by other courts these contentions must be overruled. American Fruit Growers, Inc., v. Michigan Fruit Growers, Inc., supra; Skookum Packers' Association v. Pacific Northwest Canning Co., 45 F.(2d) 912, 18 C.C.P.A.(Patents) 792.

From the record here presented, we think the case must be determined solely upon the question of the similarity of the marks. If they are so similar that confusion would likely result from their use, nothing which either party might do, or fail to do, by pleadings or by testimony, can alter that fundamental fact, and this constitutes a bar by the terms of the statute itself.

■ Just what the words mean in the relation in which they are used as trademarks is not clear to us. So far as the record is concerned, we do not find any suggestion that they are merely descriptive of the character or quality of the goods. Were such the case, both marks should be barred from registration. So far as we can discern, the words have no particular meaning, as used, and, for the purposes of this case, we accept them as constituting arbitrary marks. So viewing them, we concur with the tribunals of the Patent Office in the holding that there is such a similarity between them that confusion would be likely from their use upon goods of the same descriptive properties.

Accordingly, the decision of the Commissioner of Patents is affirmed.

Affirmed.