### REVERE PAINT CO. v. TWENTIETH CENTURY CHEMICAL CO.

Patent Appeal No. 4976.

Court of Customs and Patent Appeals.
May 25, 1945.

Ruess & Geier, of Washington, D. C. (William T. Geier and J. Hanson Boyden both of Washington, D. C., of counsel), for appellant.

Leonard L. Kalish, of Philadelphia, Pa., (Arthur N. Klein of Bayonne, N. J., of counsel), for appellee.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal in a trade-mark opposition proceeding from the decision of the Commissioner of Patents (58 U.S.P.Q. 495) reversing the decision of the Examiner of Interferences sustaining appellant's notice of opposition to the registration of appellee's trade-mark and holding that appellee was not entitled to register the mark under section 5 of the Trade-Mark Act of February 20, 1905, 15 U.S.C.A. § 85.

Appellee's mark comprises the notation "20th Century" displayed on a black background.

It is alleged in appellee's application for registration that it has used its mark on its goods, including "ready-mixed paints," since February 1, 1937.

In its notice of opposition appellant alleged that it was the owner of the trade-mark "20th Century" for use on a variety of articles, including "ready-mixed paints"; that it had used its mark on its goods since long prior to February 1, 1937; and that it would be damaged by the registration of the mark to appellee.

Evidence was introduced by each of the parties.

In his decision the Examiner of Interferences stated that the marks of the parties were substantially identical; that some of the goods (ready-mixed paints) on which the respective marks were used were identical; that it appeared from the testimony introduced by appellant that ready-mixed paints were manufactured and sold by George D. Wetherill & Company, Inc. (hereinafter referred to as the Wetherill corporation) pursuant to an agreement entered into between that corporation and the appellant company at the time the appellant company was organized in 1911; and that it was the contention of counsel for appellant that, although "the entire business in·the manufacture and sale of this brand of merchandise and the maintenance of records relating thereto has been carried out by the George D. Wetherill & Co. Inc., * * * such company has done so only in the capacity of an agent of the

opposer, in accordance with the terms of the aforesaid agreement." The examiner further stated that counsel for appellee contended that the appellant company was a "mere 'dummy' corporation"; that the manufacture of "ready-mixed paints" and their sale under the trade-mark "20th Century" had been conducted by the Wetherill corporation on its own behalf; and that the Wetherill corporation "rather than the opposer [appellant] is therefore the owner of the mark."

After stating the position of counsel for the parties, the examiner held that the question of title, as between appellant and the Wetherill corporation, was not of material consequence; that, regardless of the ownership of the mark, appellee was not the first user of the mark; and that it was not necessary to consider the question of title. In support of his position, the examiner cited the cases of Dubonnet Wine Corporation v. Ben-Burk, Inc., 121 F.2d 508, 28 C.C.P.A., Patents, 1298, and Oxo, Limited, v. Griffith Laboratories, Inc., 53 U.S.P.Q. 264.

The examiner sustained the notice of opposition and held that appellee was not entitled to the registration of its trade-mark.

On appeal, the Commissioner of Patents stated in his decision that it appeared from the record that the Wetherill corporation applied the mark "20th Century" to "its own goods in its own business and on its own behalf and not on behalf of opposer [appellant]," and that the question to be determined was whether "the mere appearance of the name 'Revere Paint Company' in association with the notation '20th Century' on the labels and color cards of George D. Wetherill & Company gives opposer such an interest in the mark '20th Century' as qualifies it to oppose registration of that mark by applicant [appellee]." The commissioner was of opinion that it did not. He further stated that "It was George D. Wetherill & Company and not opposer that associated the name 'Revere Paint Company' with the mark '20th Century,' and it does not appear that George D. Wetherill & Company did so for any benefit to opposer or even at opposer's request. Even opposer's consent to the display is only inferentially indicated in the record and not shown positively."

The commissioner concluded from the evidence of record that appellant (opposer) had not established either ownership or the right to use the trade-mark "20th Century"; that it had not established any likelihood that it would be damaged by the registration of the mark to appellee; and that, therefore, it had not established its right to oppose the granting of registration to appellee.

The commissioner refused to give consideration to the evidence relating to the activities of the Wetherill corporation "for possible grounds for ex parte refusal of registration," and, in this connection, stated that neither ownership nor use of the mark in question was pleaded by the Wetherill corporation, and that as the notice of opposition and the evidence on behalf of appellant were each directed solely to the use and ownership of the mark by appellant, appellee "was not called upon to meet the issue of whether George D. Wetherill & Company had any rights in the mark or to direct its cross-examination of opposer's witness accordingly or to take proofs with regard thereto, and obviously * * * did not do so. * * * Accordingly the proofs will not be considered for a possible ground for ex parte refusal of the registration for which applicant has applied." The commissioner concluded his decision with the following statement:

"In view of the above the decision of the Examiner of Trade-Mark Interferences is reversed and the notice of opposition is dismissed."

Thereafter, opposer (appellant) filed a request for reconsideration of the commissioner's decision, claiming that the commissioner erred in dismissing appellant's notice of opposition and in holding, ex parte, that appellee was entitled to register its mark.

The commissioner denied appellant's petition for reconsideration and, in so doing, stated that the points raised therein had been fully considered in his decision.

Appellant's witness Samuel R. Matlack testified that he was president of both the appellant company and the Wetherill corporation; that at the time of the organization of the appellant company (March 13, 1911) the directors of that company adopted a resolution which, he stated, authorized the president of the company "'to enter into such arrangements with the George D. Wetherill & Company, Incorporated, as

to the manufacture of paints and the sale of same as in his judgment he deems best'"; and that "arrangements were entered into" with the Wetherill corporation which were still in effect at the time of the taking of his testimony. What those arrangements were the witness did not state, nor does it appear from any other evidence of record what they were.

All of the other of appellant's witnesses, with the exception of George Frederick Kurtz, were employed by the Wetherill corporation.

The witness Kurtz testified, among other things, that he was engaged in the hardware business under the name of Kurtz & Company in Philadelphia, Pennsylvania; that he purchased paints under the trademark "20th Century" from the Wetherill corporation; that he sold "Wetherill's '20th Century' paint"; that he never had any business transactions with the appellant company; and that he never met anybody who represented the appellant company.

It appears from the testimony introduced by appellant that the appellant company does not manufacture or sell paints or any other articles; that it does not keep any books or accounts relative to the sale of any articles; that it transacts no business in the ordinary sense in which bookkeeping records might be required; that the paints referred to in the notice of opposition are manufactured and sold exclusively by the Wetherill corporation; that the Wetherill corporation receives payment for all such paints; that bills are rendered by that corporation to its customers; and that the customers look to the Wetherill corporation for credits or redress on all paint sold by it under the trade-mark "20th Century." In short, there is nothing of record tending to establish that appellant (Revere Paint Company) has any interest whatsoever in the trade-mark "20th Century," or in any goods sold by the Wetherill corporation under that trade-mark.

It is true that the Wetherill corporation provides labels for which it pays and on which appears the name of the appellant company, and that the name of the Wetherill corporation does not appear thereon. The evidence does not establish why the Wetherill corporation places appellant's name on those labels, and we do not care to speculate as to why it is done.

■ There is nothing of record tending to establish that the appellant company ever received any money or anything else of value from the Wetherill corporation for the paints manufactured and sold by it. We are of opinion, therefore, that the commissioner was clearly justified in holding as he did that there is nothing of record tending to establish that the Wetherill corporation was the agent of the appellant company, or that the appellant company had any right, title, or interest in the trademark "20th Century," or that it would probably be damaged by the registration of the mark to appellee.

With regard to the case of Dubonnet Wine Corporation v. Ben-Burk, Inc., supra, relied upon by the Examiner of Interferences in support of his holding that the question of title was not material to the issues in the instant case, we think it is sufficient to say that the decision in the Dubonnet case does not support the examiner's views. In that case, the Dubonnet Wine Corporation (opposer) was the owner of two registrations under the Trade-mark Act of February 20, 1905, of the trademark "Dubonnet" for use on wine, and, although it appeared that it was not engaged in any commercial business in connection with the manufacture or sale of wines and its mark was used by another, we, nevertheless, held that as it was the owner of the registrations referred to it was entitled to oppose the registration of the trade-mark "Dubonnet" to the applicant.

■ Prior to our decision in that case, we had repeatedly held that the validity of a registered trade-mark could not properly be challenged in an opposition proceeding; that evidence relating to the validity of an opposer's registration was wholly irrelevant to the issues in such a proceeding; and that if a party deemed himself injured by a trade-mark registration, he should proceed in accordance with the provisions of section 13 of the Trade-mark Act of February 20, 1905, 15 U.S.C.A. § 93, which authorize him to file a petition for the cancellation of such trade-mark registration. See Englander v. Continental Distilling Co., 95 F.2d 320, 25 C.C.P.A., Patents, 1022, and cases cited therein.

Appellant is not the owner of a registration for the trade-mark "20th Century." Accordingly, the decision in the Dubonnet case, supra, has no application to the issues in the case at bar.

■ It is so well settled as to require no citation of authorities that as appellant

failed to establish that it would probably be damaged by the registration of the trade-mark "20th Century" to appellee, its notice of opposition should have been, as it was, dismissed by the Commissioner of Patents.

In appellant's reasons of appeal in this court it is stated that "The Commissioner erred in refusing to consider the proofs submitted by Opposer as 'possible ground for ex parte refusal of the registration for which Applicant has applied.' "

█ We have repeatedly held that in opposition proceedings the tribunals of the Patent Office have the authority to determine ex parte whether or not the mark of an applicant is entitled to registration, regardless of the issues raised by the notice of opposition. Indeed, it is their duty to do so. See Englander v. Continental Distilling Co., supra, and Dubonnet Wine Corporation v. Ben-Burk, Inc., supra.

██ In an ex parte consideration of the right of an applicant to register its mark, the Commissioner of Patents, not the opposer, represents the public—Frankfort Distilleries, Inc., v. Dextora Company, 103 F.2d 924, 26 C.C.P.A., Patents, 1244, 1249—and his decision is final so far as the opposer is concerned. We hold, therefore, that appellant is not entitled to challenge here the action of the Commissioner of Patents refusing to consider the evidence relative to the activities of the Wetherill corporation "for possible grounds for ex parte refusal of registration." Accordingly, the commissioner's decision in that respect is not before us for consideration. See Island Road Bottling Co. v. Drinkmor Beverage Co., 132 F.2d 129, 30 C.C.P.A., Patents, 708. See also Island Road Bottling Co. v. Drinkmor Beverage Co., 140 F.2d 331, 31 C.C.P.A., Patents, 816.

Had the commissioner rejected appellee's application for registration and had appellee appealed to this court, the ex parte issue of the right of appellee to register the mark would have been properly before us.

█ It has been suggested that it is the duty of this court, in order to safeguard the public interest, to decide on its own motion that appellee has no right to the registration which it seeks. That the court has no such authority is so obvious as to require no discussion. Furthermore, the refusal of this court to extend its jurisdiction to matters not conferred upon

it by the Congress and which are not inherent in the exercise of its judicial authority cannot with reason be construed as sanctioning the registration of a trade-mark which the statute (section 5 of the Trade-Mark Act of February 20, 1905, 15 U.S.C.A. § 85), prohibits. If the commissioner erred in granting appellee's application for registration of the trade-mark "20th Century," and if the Wetherill corporation is the owner of that mark or deems itself injured by the registration thereof, that company has a remedy, it may, under section 13 of the Trade-Mark Act of February 20, 1905, petition the Commissioner of Patents to cancel appellee's registration.

For the reasons stated, the decision of the Commissioner of Patents, dismissing appellant's notice of opposition, is affirmed.

Affirmed.

O'CONNELL, Associate Judge (dissenting).

Upon the testimony presented, the Examiner of Trade-Mark Interferences sustained the opposition and refused registration of appellee's mark. The Commissioner of Patents, however, not only overruled the action of the examiner, but also decided that the mark was owned by another party not involved in the proceedings and for that reason appellant would not be damaged by appellee's registration of the mark. The commissioner dismissed the opposition, and therefore, in affirming his action, the majority decision of this Court confers upon appellee, a newcomer, the right to register a trade-mark which, according to the record, is identical with a known trade-mark owned and in use by another for at least twenty years and appropriated to merchandise of the same descriptive properties.

It is true, as appellant contends, that whether the "20th Century" mark was owned by appellant, Revere Paint Company, or whether it was owned by George D. Wetherill & Company, which was not a party to the proceeding, the registration of the mark by appellee, the newcomer, is explicitly prohibited by Section 5 of the Trade-Mark Act of 1905, as amended, 15 U.S.C.A. § 85, which, so far as pertinent, provides:

"*That trade-marks which are identical with a* registered or *known trade-mark*

*owned and in use by another and appropriated to merchandise of the same descriptive properties,* or which so nearly resemble a registered or known trade-mark owned and in use by another and appropriated to merchandise of the same descriptive properties as to be likely to cause confusion or mistake in the mind of the public or to deceive purchasers *shall not be registered."* (Italics mine.)

Section 1 of the Trade-Mark Act, 15 U.S.C.A. § 81, supra, provides that the owner of a trade-mark may obtain its registration by filing an application and complying with certain requirements therein specified. Section 2 of the Act, 15 U. S.C.A. § 82, provides:

"That the application prescribed in the foregoing section, in order to create any right whatever in favor of the party filing it, must be accompanied by a written declaration verified by the applicant, or by a member of the firm or an officer of the corporation or association applying, to the effect that the applicant believes himself or the firm, corporation, or association in whose behalf he makes the application to be the owner of the trade-mark sought to be registered, and that no other person, firm, corporation, or association, to the best of the applicant's knowledge and belief, has the right to use such trade-mark in the United States, either in the identical form or in such near resemblance thereto as might be calculated to deceive. * * * The verification required by this Section may be made before any person within the United States authorized by law to administer oaths, * * *."

The verification required by the statute and filed by appellee, 20th Century Chemical Company, for the registration of its mark, reads as follows:

"State of New Jersey,
"County of Camden, ss.:

"Robert M. Bagley, being duly sworn, deposes and says that he is the Vice-President of the corporation, the applicant named in the foregoing Statement; that he believes the foregoing statement is true; that he believes said corporation is the owner of the trade mark sought to be registered; that no other person, firm, corporation, or association, to the best of his knowledge and belief, has the right to use said trade mark in the United States, either in the identical form or in any such near resemblance thereto as might be calculated to deceive; that said trade mark is used by said corporation in commerce among the several states of the United States; that the description and drawing presented truly represent the trade mark sought to be registered; and that the specimens show the trade mark as actually used upon the goods.

"Robert M. Bagley

"Subscribed and sworn to before me, a Notary Public, this 1st day of May, 1940.

"Vincent P. Bresan
"(Seal)        Notary Public
"Notary Public of New Jersey,
"My Commission Expires Sept. 23, 1940"

In answer to the opposition filed by appellant, Revere Paint Company, against the registration of appellee's mark, 20th Century Chemical Company alleged:

"5. That applicant has been the owner of, and has continuously used, the trade-mark covered by its application Serial No. 432,802 since prior to any valid trade-mark use by opposer or its predecessors of its alleged trade-mark * * *"

It will be noted from the foregoing provisions of law that the written declaration submitted by an applicant for the registration of a trade-mark must be verified under oath. Therefore, under well established principles of law, false statements as to material matters contained in the required declaration, or affidavit, are to be dealt with not only under the laws relative to perjury, but also under the laws relative to fraud and misrepresentation. In other words, an application for the registration of a trade-mark is affected with public interest and in order to create any right whatever in the party filing it, he must comply with the requirements of conscience and good faith and come before the tribunals of the Patent Office with clean hands. See, Precision Instrument Manufacturing Company et al. v. Automotive Maintenance Machinery Company, 65 S.Ct. 993.

Despite its averments under oath and its positive allegations of ownership of the involved mark, in the proceeding in the Patent Office, we find appellee contending as follows, according to the statement in the decision of the examiner:

"Applicant [appellee] vigorously insists, however, that the opposer is a mere 'dummy' corporation; that the business

relating to these '20th Century' products has been conducted by George D. Wetherill & Co. Inc. entirely in its own behalf; and that the latter company rather than the opposer [appellant] is therefore the owner of the mark."

The import of appellee's argument, orally and in its brief submitted in this appeal, is practically to the same effect, and therefore, under its own vigorous contentions both before the tribunals of the Patent Office and in this proceeding, appellee, 20th Century Chemical Company, is not the owner of the involved mark. It is my opinion that appellee has come into court with unclean hands and therefore has no right whatever to the registration of the work for which it applies.

If the Commissioner of Patents could not sustain appellant's notice of opposition on the record in this case for the reason that such action would establish a dangerous precedent by the official sanction of a questionable business practice on the part of appellant, nevertheless the law provides for the correction of such matters in a plurality of remedies. None of these remedies, however, provides for the award of the right to register an involved trademark to a party who does not own the mark.

Although appellant, Revere Paint Company, kept no records of its own and had no bank account, nevertheless the evidence shows that the merchandise was sold in definite volume under the mark "20th Century." That dealers retailing the product found satisfaction in handling the goods over a period of years, is disclosed by the following undisputed testimony of the disinterested witness, Kurtz:

"Q. 5–3. It is the lowest grade of paint that you handle? A. Yes, it is the lowest grade as far as selling price but very good as to quality.

"Q. 6. What brands of paint do you sell? A. We sell Wetherill's '20th Century' and sell some du Pont's.

"Q. 7. Approximately how long have you been handling the '20th Century' line? A. Since 1932; about April 1932.

"Q. 8. And have you been handling it continuously since that time? A. I have, yes.

"Q. 9. Every year? A. Every year, yes sir; every month I have a bill of '20th Century' paint.

"Q. 10. Do you carry it in stock? A. I carry it in stock all the time.

"Q. 11. And you replenish your stock by replacing orders from time to time? A. We replenish it.

"Q. 12. You never had any difficulty in buying the paint, did you, in any way? A. I always got it very promptly from the company.

"Q. 13. You carry it, display it, on your shelves, do you? A. Yes."

Assuming that appellant would not be damaged by appellee's registration of the "20th Century" mark, nevertheless the evidence discloses that the public has been purchasing and using the product with satisfaction over a period of years; and that it is likely to continue to do so, is obvious because of its low selling price, prompt service, and very good quality.

The primary purpose of the statutory prohibition provided for in Section 5 of the Trade-Mark Act is to safeguard the consumer by preventing the goods of one dealer from being palmed off on him by another dealer under an identical or similar mark. Accordingly, the Commissioner of Patents in refusing to register a prohibited mark acts as the guardian of the public interest, and not merely as an arbiter between two parties. For this reason it is the duty of the Commissioner of Patents in an opposition proceeding to determine of his own motion and irrespective of the contentions of the parties, whether or not an applicant's mark is entitled to registration. See, Shering & Glatz, Inc., v. Sharp & Dohme, Inc., 146 F.2d 1019, 32 C.C.P.A., Patents, ——. It is my opinion that in rendering such a decision, it makes no difference whether the action of the Commissioner of Patents taken of his own motion is technically described as an ex parte or an inter partes decision. The decision is made in the proceeding in which the issue is presented, and the prohibition of the statute is mandatory.

In the instant case, the majority decision holds "that appellant is not entitled to challenge here the action of the Commissioner of Patents in refusing to consider the evidence relative to the activities of the Wetherill Corporation 'for possible grounds for ex parte refusal of registration'." Neither party to this proceeding raised that point in any reason of appeal nor was it mentioned by either in oral argument or

142

in the briefs submitted. The majority of the Court raised the point and decided it of its own motion.

As it is the duty of the Commissioner of Patents in safeguarding the public interest to decide of his own motion in an opposition proceeding that a prohibited mark shall not be registered, it follows as a matter of law that in the instant case, this Court, having before it the depositions of the witnesses, the involved marks, the material exhibits, as well as the decisions of the tribunals of the Patent Office, likewise has the duty to decide of its own motion, regardless of the assigned reasons of appeal or the contentions of the parties, and in safeguarding the public interest, that the prohibited mark shall not be registered.

As the case now stands, the decision of the majority, in my opinion, sanctions the identical abuse that the mandate of the statute is designed to prevent.

For the reasons stated, the decision of the Commissioner of Patents, in so far as it fails to deny registration of appellee's mark, should be reversed.