37 C.C.P.A. (Patents)

### PENRITH-AKERS MFG. CO. v. JU-C-ORANGE OF AMERICA.

**Patent Appeals No. 5641.**

United States Court of Customs and Patent Appeals.

May 9, 1950.

Charles R. Allen, Washington, D. C., for appellant.

Cushman, Darby & Cushman, Washington, D. C. (William M. Cushman and C. Willard Hayes, Washington, D. C., of counsel), for appellee.

Before GARRETT, Chief Judge, and JACKSON, O'CONNELL and JOHNSON, Judges.

O'CONNELL, Judge.

This is an appeal from the decision of the Commissioner of Patents, 76 U.S.P.Q. 58, affirming that of the Examiner of Interferences sustaining appellee's petition, filed October 4, 1944, In accordance with the provisions of the Trade-Mark Act of 1905, 33 Stat. 724, to cancel the registration of appellant's mark "Ju-See" on the ground that the mark is confusingly similar to appellee's mark "Ju-C-Orange," the word "Orange" being disclaimed apart from the mark. .

The involved goods are of the same descriptive properties and include nonalcoholic beverages, particularly an orange drink of the orangeade type, maltless beverages, sold as soft drinks, sirups, and extracts for making the same. The word "juicy" has been defined and generally accepted as meaning "abounding in juice."

Appellee's mark "Ju-C-Orange" was alleged to have been used by appellee and its predecessor "since July 12, 1929." Appellee took no testimony but with its petition to cancel, No. 4455, submitted labels, bottle caps, and photostats of bottles showing the method by which the mark of appellee was affixed. At final hearing, appellee produced from the files of the Patent Office under Patent Office rule 154(e), 35 U.S. C.A.Appendix, and relied upon an assignment from appellee's predecessor, Max Krim, of the mark "Ju-C-Orange."

Appellant's first use of its mark "Ju-See" dates from February 1, 1938, a period of more than ten years subsequent to the date of first use by appellee of the mark "Ju-C-Orange."

■ There is no doubt, as properly decided by the Examiner of Interferences on June 28, 1945, and by the Commissioner of Patents on December 24, 1947, that because the contested marks are exactly alike in sound and meaning, and very similar in appearance, the concurrent use of such marks on goods of the same descriptive properties would be likely to cause confusion and the deception of purchasers. Therefore appellant under section 13 of the Trade-Mark Act of 1905, 33 Stat. 728, was not entitled to the use of its mark at the date upon which appellant applied for the registration thereof.

The conclusion hereinbefore expressed does not however dispose of an issue presented by appellant which issue, if valid, would require not only that the concurring decisions of the tribunals of the Patent Office be reversed but also that the registration of "Ju-See" be restored to appellant for its continuous use.

On July 11, 1945, a cross-petition for cancelation, No. 4593, which has not been made a part of the record in the instant case, was filed by appellant wherein appellant sought to cancel appellee's registration of "Ju-C-Orange" on the ground that the mark is merely descriptive of the involved goods.

On July 13, 1945, appellant submitted to the examiner of Interferences a motion urging that action on appellee's petition to cancel, No. 4455, be suspended until twenty days after the final decision on appellant's petition, No. 4593, to cancel appellee's mark "Ju-C-Orange."

The examiner overruled appellant's motion to suspend and set both petitions for hearing on the same day. On that occasion, decisions were simultaneously rendered by the examiner canceling appellant's mark "Ju-See" on the ground that it was confusingly similar to appellee's mark "Ju-C-Orange," and canceling appellee's mark on the ground that the mark was merely descriptive of the products sold by both of the parties, 76 U.S.P.Q. 60.

Appellant contends that the concurring decisions rendered by the examiner and the Commissioner of Patents constitute gross error because appellant in its answer to appellee's petition to cancel denied that appellee or its predecessor had continuously used the mark "Ju-C-Orange" since July 12, 1929, or prior to February 1, 1938, and further denied that appellee's "registration was properly issued, that it is valid * * * or is owned" by appellee.

Appellant contends further that cancelation of the registration of appellee's mark as a retroactive effect whereby appellee is and was deprived of any statutory rights to maintain an action for cancelation of appellant's mark; that appellee does not now have and never did have a right to intervene or be heard; that since the registration of appellee's mark has now been canceled, the issue of confusing similarity has become moot; and that there is no known provision of the Trade-Mark Act of 1905 which justifies the ex parte cancelation of a registration by the Examiner of Interferences, the Commissioner of Patents, or by this court, citing Lactona Inc. v. Lever Bros. Co., 144 F.2d 891, 32 C.C.P.A., Patents, 704; Revere Paint Co. v. 20th Century Chemical Co., 150 F.2d 135, 32 C.C. P.A., Patents, 1096-1102 and others.

■ It is elementary that a mark merely descriptive of the quality of the merchandise with which the mark is used cannot be appropriated or exclusively used as a trade-mark. In re W. A. Sheaffer Pen Co., 158 F.2d 390, 34 C.C.P.A., Patents, 771; Van Camp Sea Food Co., Inc., v. Westgate Sea Products Co., 9 Cir., 28 F.2d 957. The owner of such a mark may rely, however, upon the mark as a ground of recovery in a cancelation proceeding. Derby Oil Co. v. White Star Refining Co., 62 F.2d 984, 20 C.C.P.A., Patents, 816, 819.

■ The Supreme Court has recognized the rule that the registration of a trade-mark is prima facie evidence of its ownership and the certificate of registration is evidence in any suit or action in which the ownership of the registered mark is brought in controversy. Elgin National Watch Co. v. Illinois Watch-Case Co., 179 U.S. 665, 672, 21 S.Ct. 270, 45 L.Ed. 365. Appellant admitted in its answer that appellee's registration, No. 276,210, here involved was issued to one Max Krim, and the record discloses a valid assignment of the registration duly executed in appellee's favor and thereafter recorded in accordance with the statute. that assignment is evidence of appellee's use and ownership of the mark, in the absence of evidence to the contrary. Rosen-

gart, etc., v. Ostrex Co., Inc., 136 F.2d 249, 30 C.C.P.A., Patents, 1046. See also Ely & Walker Dry Goods Co. v. Sears, Roebuck & Co., 90 F.2d 257, 24 C.C.P.A., Patents, 1244.

■ The cancelation of appellant's mark was effected in an inter partes action and there appears to be no basis for appellant's conclusion that such action was an ex parte procedure. The cases cited by appellant with respect to the effect of an ex parte decision are therefore beside the point. Appellant's contention that the registration of its canceled mark "Ju-See" should be restored is without merit.

In view of that conclusion, it is deemed unnecessary to discuss other points raised by counsel for appellant and, for the reasons hereinbefore stated, the decision of the Commissioner of Patents is affirmed.

Affirmed.